



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*          *United States Courthouse, Suite 9200*
                                          *1 Courthouse Way*
                                          *Boston, Massachusetts 02210*

April 9, 2004

ROBERT B. COLLINGS
MAGISTRATE JUDGE

APR 12 2004

UNITED STATES DISTRICT COURT
BOSTON, MASSACHUSETTS

Francisco J. Fernandez, Esq.
Four Longfellow Place
Suite 3501-06
Boston, MA 02114

    Re:  <u>United States v. Robert P. Barry</u>
         Criminal No. 04-10064-RGS

Dear Attorney Fernandez:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

**A.**   **Rule 16 Materials**

    1.   **Statements of Defendant under Rule 16 (a)(1)(A)**

        a.   **Written and Recorded Statements**

    Enclosed herein, please find copies of the defendant's ten-print fingerprint cards taken by the Dennis, MA Police Department and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") following the defendant's arrest on 12/11/03 and 2/13/04. **(See Bates No. RB001 - RB004).**

    Enclosed herein, please find copies of the defendant's arrest photographs taken by the Dennis, MA Police Department and the U.S. Marshal Service ("USMS") following the defendant's arrest on 12/11/03 and 2/13/04. **(See Bates No. RB005 - RB006).**

    Enclosed herein, please find a copy of the Dennis, MA Police Department *Arrest Booking Report*, on which the defendant has

executed his signature. **(See Bates No. RB008).**

Enclosed herein, please find two copies of th ATF *Advisement of Rights: Miranda* notices, executed by the defendant on 12/11/03, indicating that the defendant understood his rights and waived those rights. **(See Bates No. RB028, RB032).**

Enclosed herein, please find a copy of a picture/diagram of the firearm (Colt AR-15 rifle, serial # SP21312) named in the indictment, that the defendant drew following his arrest on 12/11/03. The diagram was dated and signed by the defendant. **(See Bates No. RB033).**

On 12/11/03, following his arrest, and after being advised of his Miranda rights, and having waived those rights, the defendant was interviewed by ATF Special Agent Robert J. White and Det. Sgt. Bruce Wunderlich of the Dennis Police Department, during which the defendant stated, among other things, that he had taken the Colt AR-15 rifle, serial # SP21312, from his father's house and admitted that he had converted the weapon to fire fully automatic. **(See Bates No. RB010 - RB018, RB029 - RB033).**

Enclosed herein, please find a copy of a Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") *Consent to Search Form*, executed and dated by the defendant following his arrest on 12/11/03, giving investigators permission to conduct a search of his property located at 265 Schoolhouse Road in Eastham, MA. **(See Bates No. RB038).**

There are no other relevant written or recorded statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    b.    **Grand Jury Testimony of the Defendant**

The defendant did not testify before a grand jury in relation to this case.

    c.    **Oral Statements to Then Known Government Agents**

On 12/11/03, following his arrest, and after being advised of his Miranda rights, and having waived those rights, the defendant was interviewed by ATF Special Agent Robert J. White and Det. Sgt. Bruce Wunderlich of the Dennis Police Department, during which the defendant stated, among other things, that he had taken the Colt AR-15 rifle from his father's house and admitted that he had converted the weapon to fire fully

automatic. **(See Bates No. RB010 - RB018, RB029 - RB031).**

2. **Defendant's Prior Record under Rule 16 (a)(1)(B)**

It is my understanding that you were provided with a copy of the defendant's criminal history record at the defendant's initial court appearance by the U.S. Pretrial Services. Notwithstanding, enclosed herein is a copy of the defendant's Commonwealth of Massachusetts Criminal History Systems Board Record as well as a certified copy of the Barnstable Superior Court Docket, BACR1998-48182, evidencing a 1999 drug conviction for which the defendant received a 2 ½ year sentence in the Barnstable House of Correction. **(See Bates No. RB060 - RB071).**

3. **Documents and Tangible Objects under Rule 16(a)(1)(C)**

Enclosed herein are copies of the following documents, which represent books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in its case-in-chief at the trial of this case:

a) Dennis Police Department *Arrest Booking Report*, which includes two arrest photographs of the defendant. **(See Bates No. RB007 -RB023);**

b) Dennis Police Department *Initial and Supplement Incident Reports, and Property Invoices* **(See Bates No. RB009 - RB023);**

c) *ATF Advisement of Rights: Miranda* notices executed by the defendant on 12/11/03 **(See Bates No. RB028, RB032);**

d) Defendant's ten-print fingerprint cards **(See Bates No. RB001 -RB004);**

e) ATF Reports of Investigation, which include, among other things, interview of the defendant, witness interviews, an interstate nexus examination, a check of whether the defendant received a Governor's pardon, a check of whether the defendant had his federal firearms privileges restored, and the arrest of the defendant **(See Bates No. RB024 - RB037);**

f) Defendant's Commonwealth of Massachusetts Criminal History Systems Board Record **(See Bates No. RB060 - RB068);**

3

g)   Certified copy of the Barnstable Superior Court Docket, BACR1998-48182, evidencing a 1999 drug conviction for which the defendant received a 2 ½ year sentence in the Barnstable House of Correction. **(See Bates No. RB069 - RB071)**;

h)   ATF *Consent to Search Form* executed by the defendant on 12/11/03, giving investigators permission to search defendant's residence **(See Bates No. RB038)**; and

i)   Massachusetts State Police *Report*, prepared by Trooper David M. Cahill, relative to the examination and test fire of the firearm (Colt AR-15 rifle, serial # SP21312) and ammunition (one magazine with 29 live cartridges) named in the indictment **(See Bates No. RB039)**;

j)   ATF Firearms Technology Branch *Report of Technical Examination*, prepared by Richard Vasquez, Firearms Enforcement Officer and Sterling Nixon, Chief, Firearms Technology Branch, relative to the examination and test fire of the firearm (Colt AR-15 rifle, serial # SP21312) named in the indictment **(See Bates No. RB041 - RB042)**;

k)   Massachusetts State Police *Ballistics Report* relative to the firearm (Colt AR-15 rifle, serial # SP21312) and ammunition (one magazine with 29 live cartridges) named in the indictment **(See Bates No. RB040)**;

l)   ATF Firearm Trace Report, and other documentation, relative to the ownership and purchase of the firearm (Colt AR-15 rifle, serial # SP21312) named in the indictment **(See Bates No. RB043 - RB046, RB048 - RB059)**; and

m)   ATF National Firearms Act ("NFA") Records Search Report relative to the firearm (Colt AR-15 rifle, serial # SP21312) named in the indictment **(See Bates No. RB047)**.

4.   **Reports of Examinations and Tests under Rule 16 (a)(1)(D)**

Trooper David M. Cahill of the Massachusetts State Police, Firearms Identification Section, conducted an examination and test fire of the firearm (Colt AR-15 rifle, serial # SP21312),

4

and determined that this weapon had been altered from its factory specifications, and that the weapon malfunctioned when it was fired in the automatic mode position. **(See Bates No. RB039)**.

Richard Vasquez, Firearms Enforcement Officer and Sterling Nixon, Chief of the ATF Firearms Technology Branch, conducted an examination and test fire of the firearm (Colt AR-15 rifle, serial # SP21312), and determined that this weapon had been converted into a machinegun, and that the weapon did not malfunction when it was fired in the automatic mode position. **(See Bates No. RB041)**.

Captain John Busa of the Massachusetts State Police, Firearms Identification Section, conducted an examination of the firearm (Colt AR-15 rifle, serial # SP21312) named in the indictment, and determined that this weapon is a firearm as defined under Massachusetts General Laws, Chapter 140, Section 121. **(See Bates No. RB040)**. Captain Busa also conducted an examination of the ammunition (one magazine with 29 live cartridges) named in the indictment, and determined that this ammunition is ammunition as defined under Massachusetts General Laws, Chapter 140, Section 121. **(See Bates No. RB040)**.

There are no other reports of physical or mental examinations of the defendant.

B.   **Search Materials under Local Rule 116.1(C)(1)(b)**

As noted above, following the defendant's arrest on 12/11/03, the defendant gave investigators consent to search his residence located at 265 Schoolhouse Road in Eastham, MA. A search of the residence was subsequently conducted by Special Agent Robert White and Det. Sgt. Bruce Wunderlich on the same day, however, nothing was taken or seized from the residence.

C.   **Electronic Surveillance under Local Rule 116.1(C)(1)(c)**

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   **Consensual Interceptions under Local Rule 116.1(C)(1)(d)**

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the

government intends to offer as evidence in its case-in-chief.

**E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)**

There is no conspiracy count charged in the indictment.

**F.   Identifications under Local Rule 116.1(C)(1)(f)**

The defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.

**G.   Disclosure of Exculpatory Evidence under Local Rule 116.2**

   **1.   Exculpatory Evidence Under Local Rule 116.2(B)(1)**

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

   **a. - b.   Evidence Tending to Negate Defendant's Guilt or Cast Doubt on Admissibility of Evidence**

The government is not aware of any exculpatory information or materials relating to this case of the types described in Local Rule 116.2(B)(1).

   **c.   Promises, Rewards, and Inducements**

The government has not offered or made any promises, rewards, or inducements to any prospective witness whom the government anticipates calling in its case-in-chief.

   **d. - e.   Criminal Records of Witnesses and Pending Criminal Cases**

Other than the case agents and police officers who investigated this case, the government has not yet determined whether it will call any other witnesses in its case in chief. When and if the government makes such a determination, it will promptly provide any criminal records and/or information relating to any pending cases for its prospective witnesses.

   **f.   Failure of Percipient Witness to Make Identification**

As noted above, the defendant has not been the subject of any investigative identification procedures.

**H.   Other Matters**

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

**I.   RECIPROCAL DISCOVERY**

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

**J.   NOTICE OF ALIBI**

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense was committed is set forth in the indictment in this case, a copy of which you previously have received.

Please call the undersigned Assistant U.S. Attorney at (617) 748-3103 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: ANTOINETTE E.M. LEONEY
Assistant U.S. Attorney

Enclosures
cc:  Gina Affsa, Deputy Courtroom Clerk
     to the Honorable Robert B. Collings
     (w/o enclosures)