

U.S. Department of Justice

FILED
IN CLERKS OFFICE

United States Attorney
District of Massachusetts

2004 JUN -7 P 1:12

U.S. DISTRICT COURT
DISTRICT OF MASS.

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 23, 2004

Francisco J. Fernandez, Esq.
Four Longfellow Place
Suite 3501-06
Boston, MA 02114

    Re:   <u>United States v. Robert P. Barry</u>
          Criminal No. 04-10064-RGS

Dear Attorney Fernandez:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Robert P. Barry ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    Change of Plea

    At the earliest practicable date, but in no event later than May 31, 2004, Defendant shall waive indictment and plead guilty to a five-count superseding information charging him with two counts of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and two counts of possession of unregistered firearms, in violation of 26 U.S.C. § 5861(d). A copy of the superseding information, to be filed upon execution of this agreement, is attached hereto. Defendant expressly and unequivocally admits that he in fact knowingly committed the crimes charged in the superseding information, and is in fact guilty of the charged offenses.

    2.    Penalties

    Defendant faces the following maximum penalties on Count One of the Superseding Information -- Felon in Possession of Firearm:

    a)    a ten year term of imprisonment;

    b)   a $250,000 fine;
    c)   a three year term of supervised release; and
    d)   a $100, mandatory special assessment.

Defendant faces the following maximum penalties on Count Two of the Superseding Information -- Felon in Possession of Firearm and Ammunition:

    a)   a ten year term of imprisonment;
    b)   a $250,000 fine;
    c)   a three year term of supervised release; and
    d)   a $100, mandatory special assessment.

Defendant faces the following maximum penalties on Count Three of the Superseding Information -- Possession of an Unregistered Firearm:

    a)   a ten year term of imprisonment;
    b)   a $10,000 fine;
    c)   a three year term of supervised release; and
    d)   a $100, mandatory special assessment.

Defendant faces the following maximum penalties on Count Four of the Superseding Information -- Felon in Possession of Firearm:

    a)   a ten year term of imprisonment;
    b)   a $250,000 fine;
    c)   a three year term of supervised release; and
    d)   a $100, mandatory special assessment.

Defendant faces the following maximum penalties on Count Five of the Superseding Information -- Possession of an Unregistered Firearm:

    a)   a ten year term of imprisonment;
    b)   a $10,000 fine;
    c)   a three year term of supervised release; and
    d)   a $100, mandatory special assessment.

3.   <u>Sentencing Guidelines</u>

The U. S. Attorney will take the following positions at sentencing under the United States Sentencing Guidelines with regard to offense conduct and adjustments thereto:

    a)   U.S.S.G. § 2K2.1(a)(3) is the applicable sentencing guideline provision for this matter, and provides for a

base offense level (BOL) of 22 for each count named in the superseding information;

b)  A two-level enhancement to the BOL for each charged offense is appropriate under U.S.S.G. § 2K2.1(b)(A), as the offense involved three firearms;

c)  Counts One through Five are to be group as closely related counts under U.S.S.G. §3D1.2, providing for a combined adjusted offense level of 24.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a)  Fails to admit a complete factual basis for the plea;

(b)  Fails to truthfully admit his conduct in the offenses of conviction;

(c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.G. § 1B1.3;

(d)  Fails to provide truthful information about his financial status;

(e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)  Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)  Intentionally fails to appear in Court or violates any condition of release;

(h)  Commits a crime;

(i)  Transfers any asset protected under any provision of

this Agreement; and/or

(j)   Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4.   Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)   Incarceration at the low-end of the applicable guideline sentencing range;

(b)   A low-end guideline fine, unless the court finds pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)   Three years supervised release; and

(d)   $500 mandatory special assessment.

Defendant reserves his right to argue for a downward departure and agrees to provide the U.S. Attorney at least 14 days written notice prior to sentencing of any grounds to be advanced at sentencing in support of any motion for a downward departure from the otherwise applicable guideline sentencing range. The U.S. Attorney reserves the right to oppose any such departure motion.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to

the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

8. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

9. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective

of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

10. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Antoinette E.M. Leoney.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *James B. Farmer*
JAMES B. FARMER
Assistant U.S. Attorney
Chief, Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

ANTOINETTE E.M. LEONEY
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*[signature: Robert P. Barry]*
ROBERT P. BARRY
Defendant

Date: 4/29/04

I certify that Robert P. Barry has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*[signature]*
FRANCISCO J. FERNANDEZ, Esq.
Attorney for Defendant

Date: 5/28/04