COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE,ss.                          BARNSTABLE DISTRICT COURT
                                        DOCKET NO. 9625-5027

| | |
|---|---|
| COMMONWEALTH ) | *allowed* |
| ) | *Carpenter J.* |
| v. ) | *11/12/04* |
| ) | |
| ROBERT PROCTOR BARRY, JR.) | |
| ) | |

### DEFENDANT'S MOTION FOR NEW TRIAL

Pursuant to Mass.R.Crim.P. 30(b), the Defendant respectfully requests a new trial in the present case. "The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done." See Mass.R.Crim.P. 30(b). The Defendant argues that justice was not done because he had a viable Motion to Suppress which was not addressed by previous counsel before he changed his plea to guilty. Here, "better work might have accomplished something material for the defense." Commonwealth v. Farley, 432 Mass. 153, 156 (2000).

### Procedural History of the Case

On January 16, 1998, in the Barnstable District Court with Honorable Don L. Carpenter presiding, the Defendant pled guilty filed, to the charge of possession of a dangerous weapon (Docket No. 9625-5027). See Record of Criminal Case attached. The Defendant contends there is a viable motion to suppress and if allowed, the possession of a dangerous weapon charge would thereafter be dismissed.

A TRUE COPY ATTEST
*[signature]*

## Facts of the Case

The facts in the case at bar are taken from Trooper Cosgrove's police report. See Attached Copy of Report. On November 30, 1996, at approximately 5:50 p.m., the Defendant was a passenger in a motor vehicle which was stopped on East Main Street in Hyannis for a defective plate light. The Defendant was seated in the rear seat directly behind the operator of the vehicle. Trooper Cosgrove approached the vehicle and asked the operator for his license[1]. Trooper Cosgrove observed the Defendant was not wearing his seatbelt and he was asked for his identification. The Defendant handed Trooper Cosgrove a Massachusetts Identification card which identified him to be Robert Barry.

Trooper Cosgrove returned to his cruiser and checked the Defendant's license. He noticed there were two active warrants for the Defendant. One out of Barnstable Superior Court for firearms violations, and the second was issued out of Barnstable District Court for breaking and entering. Trooper Cosgrove requested back-up and Trooper Noonan arrived.

Both Trooper Cosgrove and Trooper Noonan approached the Defendant and had him exit the vehicle. They advised him of the two warrants and Trooper Noonan patfrisked the Defendant and found a black knife inside a black sheath located in Defendant's left rear pocket of his pants. The Defendant was arrested and taken to the barracks. He was advised of his Miranda rights and indicated that he understood. The knife was double edged and illegal in Massachusetts. The knife was placed into evidence.

A TRUE COPY
*[signature]*

---

[1] Upon information and belief, the Defendant states that the operator, Wesley Harris's, license and registration were valid, and the operator was not cited or arrested for any offenses. See Affidavit of Daniel O'Malley.

## Argument

1. **Evidence of the knife should be suppressed because Trooper Cosgrove did not have a legitimate basis to take the Defendant's license, and run his status which then led to a search of his person where the knife was found.**

The Defendant asserts that his rights under art. 14 of the Declaration of Rights of Massachusetts Constitution were violated. Commonwealth v. Alvarez, 44 Mass.App.Ct. 531, 532 (1998). Specifically, Trooper Cosgrove's request for the Defendant's license was an unlawful seizure. Id.

Pursuant to Chapter 90, section 13A, "any person who rides as a passenger in a motor vehicle without wearing a safety belt...shall be subject to a fine of twenty-five dollars." Therefore, Trooper Cosgrove wanted the Defendant's identification based on a civil violation.

"It is well settled that a police inquiry in a routine traffic stop must end on the production of a valid license and registration unless the police have grounds for inferring that "either the operator or his passengers were involved in the commission of a crime...or engaged in other suspicious conduct." Commonwealth v. Torres, 424 Mass. 153 (1997). The inference must be based on "reasonable suspicion, grounded in specific, articulable facts,' that a particular passenger in the car is involved in criminal activity or 'engaged in other suspicious conduct." Commonwealth v. Alvarez, 44 Mass.App.Ct. 531, 532 (1998).

Trooper Cosgrove only indicates he observed a civil violation not "criminal activity" or "suspicious conduct." Id. Trooper Cosgrove did not observe any weapons or furtive movement by the Defendant which would give him reason to fear for his safety. Id. at 534. Trooper Cosgrove did not observe anything which would give him cause to

A TRUE COPY ATTEST
*[signature]*

believe the Defendant was in need of assistance. Id. at 534. "Interrogation of passengers in a car stopped for a traffic offense, without an objective basis for suspicion that the passenger is involved in criminal activity, slips into the dragnet category of questioning that art. 14 prohibits." Commonwealth v. Alvarez, 44 Mass.App.Ct. 531, 535 (1998).

Furthermore, Trooper Cosgrove did not actually observe the passenger while the car was in motion. Therefore, Trooper Cosgrove cannot and does not state that the Defendant was not wearing his seatbelt while the car was moving. The vehicle must be **moving** while the seatbelt infraction is committed. See Chapter 90, section 13A (no person shall operate…or..ride..in a motor vehicle on any way…unless such person is wearing a seatbelt). Consequently, Trooper Cosgrove did not have a factual basis to ask the Defendant for his identification because he did not observe the Defendant failing to wear his seatbelt while the car was in motion.

In sum, the Defendant contends that the operator had a valid license and registration. Consequently, Trooper Cosgrove's investigation should have stopped at that point. Commonwealth v. Torres, 424 Mass. 153 (1997). Instead, Trooper Cosgrove continued the investigation based on a civil violation. Trooper Cosgrove's request for the Defendant's license was illegal because the Defendant's actions did not give rise to believe that he was engaged in "criminal activity" or "suspicious conduct". Commonwealth v. Alvarez, 44 Mass.App.Ct. 531, 532 (1998). Therefore, the search of the Defendant was illegal and the evidence of the knife should be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

A TRUE COPY ATTEST
*[signature]*

## 2. The Defendant was denied effective assistance of counsel, therefore, he should have a New Trial.

In order to prove ineffective assistance of counsel, a defendant must prove that: (1) his attorney's representation fell below objective standards of reasonableness; and (2) he was prejudiced as a result of defense counsel's performance. Strickland v. Washington, 466 U.S. 668 (1984).

The Defendant was denied effective assistance of counsel.[2] Based on the Defendant's viable motion to suppress which was outlined above, the Defendant argues that he should have a new trial. The motion to suppress was not raised by defense counsel. The Defendant was in essence "denuded of a defense." Commonwealth v. Farley, 432 Mass. 153, 156 (2000). If the Defendant's motion to suppress is successful, evidence of the knife will be excluded as a fruit of the illegal search. Wong Sun v. United States, 371 U.S. 471 (1963). It is this same knife that the Defendant plead guilty to possessing on January 16, 1998. Therefore, the Defendant contends that defense counsel failed to advance his case effectively through use of a motion to suppress. Commonwealth v. Farley, 432 Mass. 153, 157 (2000).

The Defendant asserts that the representation that he received in the case at bar, was below objective standards of reasableness because a viable motion to suppress was never addressed by defense counsel. As a result, the Defendant was directly prejudiced because if a Motion to Suppress had been allowed, then the charges the Defendant plead guilty to would have been dismissed.

A TRUE COPY ATTEST
*[signature]*

---

[2] The Defendant was represented by Jens A Bahrawy on January 16, 1998, in the Barnstable District Court. See Record of Criminal Case attached

## Conclusion

For the foregoing reasons, the Defendant respectfully requests that his Motion for a New Trial be Allowed.

Dated: November 5, 2004

Respectfully submitted,
RICHARD PROCTOR BARRY
By his attorney,

Daniel W. O'Malley, BBO# 547483
Denner O'Malley, LLP
Four Longfellow Place
Suite 3501-06
Boston, MA 02114
(617) 227-2800

## CERTIFICATE OF SERVICE AND NOTICE OF MOTION

I hereby certify that on the 5th day of November, 2004, a true copy of the foregoing document was served in hand upon Counsel for the Commonwealth for Barnstable County and Notice was given to the Commonwealth of the Defendant's request for marking his motion for Friday, November 12, 2004, at 2 p.m., before the sentencing Judge, Honorable Dan L. Carpenter, at Falmouth District Court.

Daniel W. O'Malley

A TRUE COPY ATTEST